ADAM GORDON
United States Attorney
JOSEPH S. SMITH
California Bar No: 200108
DANIEL F. CASILLAS
Washington State Bar No. 45710
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8299/7342
Email:  joseph.s.smith@usdoj.gov/daniel.casillas@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RIKKELS,<br><br>Defendant. | Criminal Case No. 25CR4276-H<br><br>**JOINT MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY AND GRAND JURY MATERIAL** |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Adam Gordon, United States Attorney, and Joseph S. Smith and Daniel F. Casillas, Assistant United States Attorneys, and defendant DANIEL RIKKELS (hereinafter "Defendant"), by and through his counsel, Pedro Bernal Bilse, hereby file this joint motion for a Protective Order regarding discovery and grand jury material in the above-referenced case.

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and to prevent premature and unwarranted disclosure of evidence to potential targets, subjects, witnesses, victims, and unrelated third parties and to protect the

safety, financial security, and privacy of the individuals identified in those materials, and General Order No. 514 of the United States District Court for the Southern District of California along with all of its subsequent parts (collectively, "General Order No. 514"), pertaining to privacy matters, the parties jointly agree to the following conditions of the Protective Order:

1.    The discovery and grand jury material produced in this case (the "Discovery and Grand Jury Material")[1] may contain personal identification information of victims, witnesses and others, law enforcement sensitive information, and information protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure, and if that information is further disseminated, it may jeopardize the ongoing investigation and the safety, financial security, and privacy of the individuals identified in those materials.

2.    The parties therefore agree that the Discovery and Grand Jury Material is for the use of defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting defense counsel in this case (collectively referred to herein as the "Defense").

3.    The Discovery and Grand Jury Material is provided to the Defense for the purposes of investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose.  The parties further agree that the Discovery and Grand Jury Material may not be copied or further disseminated in any way to any other person or entity who is not part of the Defense.

4.    The parties agree that, if in the course of preparing the defense in this case, the Defense needs to disclose the Discovery and Grand Jury Material to any person outside of the Defense, including any third-party witness, the Defense must provide prior written notice to the United States, leaving the United States reasonable opportunity to object, and thereafter, the Defense must obtain prior written authorization from the Court, with such

---

[1]    For purposes of this Joint Motion and the Protective Order, the phrase "Grand Jury Material" refers to (1) transcripts of testimony before the grand jury, if any, and (2) any documents, records, or objects marked as grand jury exhibits. By so issuing this Order, the parties request that the Court confirm the United States' authority to produce Grand Jury Material to the Defense under Fed. Rule Crim. Pro. 6.

authorization to require that any such person to whom the Discovery and Grand Jury Material is disclosed agree to be bound by the terms of the Protective Order, that the Discovery and Grand Jury Material be only shown to, and not left with, such person, and that the Discovery and Grand Jury Material remain in the custody and control of the Defense.

5.      The Defense agrees to take all reasonable steps to (a) maintain the confidentiality of the Discovery and Grand Jury Material; and (b) safeguard the Discovery and Grand Jury Material produced in this case from inadvertent disclosure or review by any third party.

6.      If the Defense shows a witness any Discovery and Grand Jury Material for the purposes of preparing its defense, then the Defense must inform the witness of the Protective Order and obtain the written consent of the witness to comply with and be bound by the terms of the Protective Order.

7.      The Defense may review the Grand Jury Material with Defendant but shall not provide a copy of any Grand Jury Material to Defendant.

8.      The Defense must retain custody and control of the Discovery and Grand Jury Material and may not provide copies of the Discovery and Grand Jury Material to any witness.

9.      To the extent that any of the Discovery and Grand Jury Material contains any individual's personal identification information, within the meaning of General Order No. 514, any copies of the Discovery and Grand Jury Material provided to the Defendant, any filings with the Court referencing or containing the Discovery and Grand Jury Material, and any authorized disclosure of the Discovery and Grand Jury Material to Defendant or any witnesses, shall be redacted in a manner consistent with General Order No. 514.

10.     No member of the Defense, including the defense attorney, will reveal to the Defendant or any third-party any personal identification information, with the meaning of General Order No. 514, that is contained in the Discovery and Grand Jury Material related to any victim or witness associated with the charges in this case, unless the Court orders that the Defendant or third-party may review such personal identification information. Should the Discovery and Grand Jury Material contain any personal identification

information, the Defense agrees to redact such information prior to providing any Discovery and Grand Jury Material to the Defendant.

11.   The Defense will return the Discovery and Grand Jury Material to the United States within ten (10) days should defense counsel withdraw or become disqualified from participation in this case.

12.   The Defense agrees to return to the United States any and all copies of the Discovery and Grand Jury Material within ninety (90) days of the conclusion of the proceedings in this case, including any appeal.

13.   The Defense will ensure that every member of his/her defense team, including Defendant, is advised of the Protective Order and has agreed to be bound by its terms before disclosing the substance of the Discovery and Grand Jury Material.

14.   The parties stipulate that the Court may enter a Protective Order in this case that contains the above-referenced terms.

IT IS SO STIPULATED BY THE PARTIES.

DATED:  November 19, 2025

JOSEPH S. SMITH
DANIEL F. CASILLAS
Assistant United States Attorney


DATED:  November 19, 2025

/s/ Pedro Bernal Bilse

PEDRO BERNAL BILSE
Counsel for Daniel Rikkels