ADAM GORDON
United States Attorney
JOSEPH S. SMITH
Assistant United States Attorney
California State Bar No. 200108
DANIEL F. CASILLAS
Assistant United States Attorney
Washington State Bar No. 45710
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7342

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL RIKKELS<br><br>    Defendant. | Case No.: 25-CR-4276-H<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY, AND NON-OPPOSITION TO MOTION TO FILE FURTHER MOTIONS; MOTION FOR RECIPROCAL DISCOVERY; AND RULE 16.1 STATUS REPORT**<br><br>**TOGETHER MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    February 2, 2025<br>Time:    10:00 a.m.<br>Courtroom:  12A<br><br>The Hon. Marilyn L. Huff |

The UNITED STATES OF AMERICA, by and through its counsel, Adam Gordon, United States Attorney, and Joseph S. Smith and Daniel F. Casillas, Assistant United States Attorneys, hereby files this Opposition to Motion to Compel Discovery, Motion for

25-CR-4276-H

Reciprocal Discovery, and Rule 16.1 Status Report. These motions are based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

## I.

## STATEMENT OF THE CASE

On November 4, 2025, Defendant, Daniel RIKKELS, was charged in a 33-count indictment with violations of Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 201(b)(2)(A) and (B) – Bribery of a Public Official; Title 18, U.S.C., Secs. 208(a) and 216(a)(2) – Willfully Engage in Acts Affecting a Personal Financial Interest; Title 18, U.S.C., Sec. 1956(a)(1)(B) - Laundering of Monetary Instruments; and, Title 18, U.S.C., Sec. 1957 - Money Laundering. ECF No. 1. On November 13, 2025, Defendant was arrested. ECF No. 2. The following day, Defendant had his initial appearance, and he was arraigned on the indictment. ECF No. 10. At that time, a motion hearing was scheduled for December 1, 2025. *Id*. On November 19, 2025, Defendant submitted Motions to Compel Discovery and Leave to File Further Motions. ECF No. 18. On the same day, the motion hearing was reset to February 2, 2025, based on a joint request by the parties. ECF No. 19.

These motions and responses follow.

## II.

## MOTION TO COMPEL DISCOVERY

The United States will fully comply with its discovery obligations and details its previous responses to Defendant's discovery requests:

1. *Defendant's Statements*

The United States has produced Defendant's statements currently in its possession, which include a plethora of email and phone messages. The United States is in the process of producing Defendant's post-arrest interview, as well as his jail calls. Should the United States learn of any new statements, they will be disclosed to the defense.

2. *Arrest Reports, Notes, & Dispatch Tapes*

The United States has provided the Defendant with all available reports at this time. Discovery is ongoing in this case as further investigation transpires. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. *United States v. Bobadilla-Lopez*, 954 F.2d 519 (9th Cir. 1992); *United States v. Spencer*, 618 F.2d 605 (9th Cir. 1980); *see also United States v. Griffin*, 659 F.2d 932 (9th Cir. 1981).

3. *Scientific and Other Information*

The United States will provide Defendant with the results of any scientific tests or examination as they become available.

4. *Brady Material (Defense requests 4 and 13)*

The United States will comply with its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). However, under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976), the government must only disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. *See also United States v. Gardner*, 611 F.2d 770, 774 (9th Cir. 1980).

Under *Brady*, the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or innocence. *United States v. Bagley*, 473 U.S. 667 (1985); favorable evidence includes impeachment evidence. *Id*. Defendants are not entitled to all evidence known or reasonably known which is or may be favorable to the accused or which pertains to the credibility of the United States' case. As stated in *United States v. Gardner*, 611 F.2d 770 (9th Cir. 1980):

> [I]n response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect

3

the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. *Id*. at 774-775.

5. *Any Information that May Result in a Lower Sentence under the Guidelines*

As addressed above the United States is and will continue to comply with its *Brady* obligations. The United States has produced and will continue produce information, as it becomes available, that may affect Defendant's sentence under 18 U.S.C. Sec. 3553.

6. *Any Information that May Result in a Lower Sentence under 18 U.S.C. Sec. 3553*

As addressed above the United States is and will continue to comply with its *Brady* obligations. The United States has produced and will continue produce information, as it becomes available, that may affect Defendant's sentence under the Guidelines and 18 U.S.C. Sec. 3553.

7. *Defendant's Prior Record*

The United States is in the process of producing information regarding Defendant's prior record.

8. *Potential 404(b)/609 Evidence*

The United States will provide notice of any 404(b) and/or 609(b) evidence as required by the rules.

9. *Evidence Seized*

The United States will preserve evidence seized from the Defendant, if any, and Defendant may make an appointment, at a mutually convenient time, to review and inspect the evidence. At this time, the United States has already provided Defendant with notice of all evidence seized in this case. The United States has produced 6,468 files related to search warrants in this case.

10. *Request for Preservation of Evidence*

The United States has taken steps to preserve the evidence in this case. To the extent that Defendants request for a specific item to be preserved, the United States will promptly respond to Defendants' request. Accordingly, a Court order regarding preservation is not necessary at this time. Moreover, the United States will try to preserve all evidence to

which Defendants are entitled, but objects to any global request for preservation of all evidence as contrary to *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) (finding it improper to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution).

11.   *Tangible Objects*

Should Defendant request to inspect and copy any documents or tangible objects, the United States will observe its discovery obligations per Fed. R. Crim. P. 16(a)(1)(E) to facilitate such requests.

12.   *Evidence of Bias or Motive to Lie*

The United States is unaware of any witness who is biased against Defendant or has a motive to lie about the Defendant.

13.   *Impeachment Evidence*

Please see section 4.

14.   *Evidence of Criminal Investigation of Any Government Witness*

The United States is unaware of any witness who is under criminal investigation.

15.   *Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling*

The United States is not aware of any witness with perception, recollection, communication, or truth telling issues or problems.

16.   *Witness Addresses*

Should this matter progress to trial, the United States will provide information related to any prospective witnesses.

17.   *Name of Witnesses Favorable to the Defendant*

The United States is not aware of any witnesses favorable to Defendant. Should the United States become aware of such witnesses, it shall provide their information to Defendant.

18. *Jencks Act, Giglio Information, & Government Examination of Law Enforcement Personnel Files (Henthorn) (Defense Requests 18, 19, 20, 21, 22 & 17)*

The United States will fully comply with its discovery obligations under the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness' oral statement, or (3) a statement by the witness before a grand jury. *See* 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the Government agent correctly understood what the witness said. See United *States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991). In addition, rough notes by a Government agent "are not producible under the Jencks Act due to the incomplete nature of the notes." *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2004).

Production of this material need only occur after the witness making the statements testifies on direct examination. *See United States v. Robertson*, 15 F.3d 862, 873 (9th Cir. 1994). Indeed, even material that is potentially exculpatory (and therefore subject to disclosure under Brady) need not be revealed until such time as the witness testifies on direct examination if such material is contained in a witness's Jencks Act statements. *See United States v. Bernard*, 623 F.2d 551, 556 (9th Cir. 1979). Accordingly, although the United States anticipates providing most, if not all, Jencks material well in advance of trial, it reserves the right to withhold Jencks statements of any particular witness it deems necessary until after the witness testifies.

The United States will continue to comply with *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. *See United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002). If the materiality

of incriminating information in the personnel files is in doubt, the information will be submitted *ex parte* to the Court for an in-camera inspection and review. To the extent that defendant requests that the specific prosecutor in this case review the personnel files, that request is unwarranted and unnecessary. Henthorn expressly provides that it is the "government," not the prosecutor, which must review the personnel files. *Henthorn*, 931 F.2d at 30–31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews. The United States opposes any request for an order that the prosecutor personally review the personnel files.

The United States has complied, and will continue to comply, with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Under Brady, the United States must disclose material exculpatory information or evidence favorable to the defendant when such evidence is material to guilt or punishment. However, the United States does not need to disclose "every bit of information that might affect the jury's decision." *United States v. Gardner*, 611 F.2d 770, 774–75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001).

19. *Jencks Act Material*

   See section 18.

20. *Giglio Information*

   See section 18.

21. *Personnel Records of Government Officers*

   See section 18.

22. *Government Examination of Law Enforcement Personnel Files*

   See section 18.

23. *Informants and Cooperating Witnesses*

The United States is unaware of any informants or cooperating witnesses in this case.

24.  *Notice and a Written Summary of Any Expert Testimony*

Should this matter progress to trial, the United States shall comply with its obligations per Rule 702, 703, and 705 under the Federal Rules of Evidence.

25.  *Residual Request*

The United States has and will continue to perform its duty under to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment.

## III.

## MOTION FOR RECIPROCAL DISCOVERY

Defendant has made a request for production pursuant to Rule 16(a). The discovery provided to Defendant includes documents and objects which are discoverable under Rule 16(a)(l)(E).

Consequently, the United States requests production from Defendant any books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, that are in Defendant's possession, custody, or control and which defendant intends to use in Defendant's case in chief. *See* Fed. R. Crim. P. 16(b)(l)(A).

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which defendant intends to introduce as evidence in chief at the trial, or which were prepared by a person whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests a written summary of the names, anticipated testimony, and bases for opinions of experts Defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery that it is entitled. Rule 26.2 requires the production of prior statements of all witnesses, except Defendant's. The Rule thus provides for the reciprocal production of Jencks statements. The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, or reports.

## IV.
## LEAVE TO FILE FURTHER MOTIONS

The United States does not oppose the filing of additional motions so long as the request is based on new discovery and the United States is given a reasonable opportunity to respond.

## V.
## RULE 16.1 STATUS REPORT

Pursuant to Rule 16.1 and Local Rule 16.1a, the parties must meet and confer to discuss a timetable and procedures for pretrial disclosure. The parties last met in person on January 23, 2026, and discussed production of discovery. To date, the United States has produced 66,085 pages of discovery contained in 6,822 files. On December 15, 2025, the United States produced 6,807 files covering 13 files of 2703(d) returns, 241 files of grand jury returns, 79 files of reports, and 6,468 files related to search warrants. In addition, the United States produced five DVDs relating to 2703(d) returns containing Google files, filter review, and other evidence. On January 12, 2026, the United States produced 15 files related to search warrants used to access Defendant's Pinger account.

Defendant requested his jail calls, and they are expected to be produced shortly in the government's third round of production. The United States also anticipates producing

Defendant's post-arrest interview in this third round. The United States is not aware of any other pending, specific requests. Production of discovery in this matter is quite voluminous and it is still ongoing.

## VI.

## **CONCLUSION**

The United States respectfully requests the Court deny Defendant's motions where opposed and that its Motion for Reciprocal Discovery be granted.

DATED: January 26, 2026.

                                          Respectfully submitted,

                                        ADAM GORDON
                                        United States Attorney

                                        *s/Daniel F. Casillas*
                                        JOSEPH S. SMITH
                                        DANIEL F. CASILLAS
                                        Assistant United States Attorneys