Pedro Bernal (SBN 284444)
BERNAL LAW, APLC
750 B Street, Suite 1710
San Diego, CA 92101
Tel.: (619) 736-9092
Fax: (619) 694-4718
Email: pb@bernal-law.com

Attorney for Defendant
DANIEL RIKKELS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 3:25-CR-04276-H |
| Plaintiff, | ) |
| | ) **DEFENDANT DANIEL RIKKEL'S** |
| | ) **NOTICE OF MOTION AND MOTION TO** |
| v. | ) **STRIKE SUPLUSAGE FROM THE** |
| | ) **INDICTMENT (FRCP, Rule 7(d))** |
| DANIEL RIKKELS, | ) |
| | ) **[REQUEST FOR ORAL ARGUMENT]** |
| Defendant, | ) |
| | ) The Honorable Marylin L. Huff |
| | ) Date: March 30, 2026 |
| | ) Time: 10:00 a.m. |
| | ) |
| | ) |

On the date and time set forth above, Defendant Daniel Rikkels ("Mr. Rikkels"), by and through his counsel, Pedro Bernal Bilse, will move this Court to strike surplusage from the Indictment pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure.

-1-

## I.    MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

Mr. Rikkels respectfully moves this Court pursuant to Federal Rule of Criminal Procedure (FRCP) 7(d) to strike Paragraphs 6 and 7 of the Indictment as surplusage in this matter. Paragraphs 6 and 7 of the Indictment contain an extensive recitation of the ethical principles applicable to government employees, which are neither essential nor material to the charged offenses. Their inclusion risks unfairly prejudicing Mr. Rikkels by wrongfully suggesting to the jury that a violation of ethical principles can constitute a violation of a charged offense, which may tend to confuse the jury. Striking Paragraphs 6 and 7 will protect Mr. Rikkel's right to a fair trial without limiting the Government's ability to present relevant evidence at trial.

## II.    BACKGROUND

Mr. Rikkels is charged in a 33-count Indictment alleging that while employed by the Veterans Benefits Administration (VBA) of the Department of Veterans Affairs (VA), he engaged in a scheme to defraud the VA by approving fraudulent disability claims in exchange for payments from veteran clients. *See* Indictment (ECF 1). The Indictment charges, in Count 1, Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349), in Counts 2-7, Wire Fraud (18 U.S.C. § 1343), in Counts 8-12, Bribery of a Public Official (18 U.S.C. §§ 201(b)(2)(A) and (b)), in Counts 13-17, Willfully Engaging in Acts Affecting a Personal Financial Interest (18 U.S.C. §§ 208(a) and 216 (a)(2)),  in Counts 18-22, Laundering of Monetary Instruments (18 U.S.C. 1956 (a)(1)(B)), and in Counts 23-33, Money Laundering (18 U.S.C. § 1957).

The Indictment alleges, in essence, that Mr. Rikkels, while working as an employee of the VA, used his position to solicit and accept payments from veterans in exchange for assisting them in submitting and obtaining approval of VA disability claims. *See* Indictment (ECF No. 1) at ¶¶ 11-12. The Indictment further alleges that Mr. Rikkels negotiated payment from the veterans up front, often in an amount proportional to the final disability rating and backpay they were anticipated to receive. *Id.* at ¶ 12b. The

Indictment alleges that Mr. Rikkels instructed veterans to provide false or exaggerated information to support their claims and that used his official position to select and approve these claims. *Id.* at ¶ 12e. According to the Indictment, Mr. Rikkels used his official position to select and approve these claims from the National Work Queue, which is the VA's system for distributing VA disability claims for adjudication. *Id.* at ¶ 4. Once the claims were final, Mr. Rikkels would demand payment from veterans and the veterans would then pay Mr. Rikkels. *Id.* at ¶ 12j. Importantly, the span of time alleged in the Indictment covers periods when Mr. Rikkels was employed by the VA and *after* he retired from the VA. *Id.* at ¶ 13.

In addition to the customary statutory language corresponding to the alleged violations of law, the Indictment contains a list of specific ethical principles set forth in the Code of Federal Regulations (C.F.R.) that Mr. Rikkels was subject to during his time as an employee of the VA. *See* Indictment ¶¶ 6-7. These include prohibitions on holding conflicting financial interests, engaging in financial transactions using nonpublic government information, soliciting gifts, using public office for private gain, acting impartially, and engaging in outside employment or activities that conflict with official duties. *Id.* These regulations do not come from any criminal statute but are administrative in nature.

### III.    SUMMARY OF THE ARGUMENT

First, the legal standard for striking surplusage permits courts to remove language that is both irrelevant to the charges and prejudicial to the defendant. *See* FRCP Rule 7 (d). Second, Paragraphs 6 and 7, which detail administrative ethical standards governing federal employees, are irrelevant to the charged offenses. None of the offenses charged (wire fraud, conspiracy to commit wire fraud, bribery, conflict of interest, and money laundering) require proof that the defendant violated administrative ethical standards. Third, inclusion of these ethical principles would unfairly prejudice Mr. Rikkels by suggesting that violations of ethical standards constitute criminal conduct, confusing the jury about what the Government must prove, encouraging conviction based on ethical violations rather than elements of

charged crimes, and creating a risk of conviction based on character rather than evidence. Giving the jury a *moral* reason to convict will prejudice Mr. Rikkels at trial. In short, their inclusion in the Indictment risks prejudicing Mr. Rikkels by suggesting to the jury that a violation of the ethical standards for government employees is, *ipso facto*, a violation of one of the charged offenses.

### IV.   POINTS AND AUTHORITIES

#### A.   Standard for Striking Surplusage Under FRCP 7(d)

Federal Rule of Criminal Procedure 7(d) explicitly provides: "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FRCP, Rule 7(d). The advisory committee's notes explain that "this rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial. *See* FRCP, Rule 7(d), (committee note to subdivision (d)). The purpose of a motion to strike under Rule 7(d) is to protect a defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010).

Courts have consistently recognized this protective function of Rule 7(d), emphasizing that it serves to shield defendants from potentially harmful language that does not substantively contribute to the charges at issue. The Ninth Circuit has firmly established this principle, acknowledging that Rule 7(d) motions are designed specifically to eliminate language that could unfairly prejudice a defendant without serving a legitimate purpose in the indictment. *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). Importantly, FRCP 7(c)(1) establishes the fundamental requirements for an indictment, stating that it "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." *See* FRCP, Rule 7(c)(1). The rule further specifies that an indictment "need not contain a formal introduction or conclusion" and that a count may incorporate allegations from another count by reference. *Id.* These requirements reflect the principle that

an indictment should contain only the information necessary to inform the defendant of the charges and enable preparation of a defense.

In determining what constitutes surplusage that should be stricken from an indictment, courts apply a specific standard.  Language in an indictment may be stricken if it contains "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *Terrigno* at 373.  This standard requires a two-part analysis: first, whether the challenged language is relevant and material to the charges; and second, whether it is particularly prejudicial or inflammatory to the defendant. *Id.*  The decision to strike surplusage from an indictment is committed to the sound discretion of the trial court.  As the Ninth Circuit has established, "[d]enial of a motion to strike surplusage is reviewed for an abuse of discretion." *Terrigno* at 373.

**B.**     **Paragraphs 6 and 7 of the Indictment are Irrelevant to the Charges and Prejudicial to Mr. Rikkels**

**1.**     **The Recitation of Ethical Principles in the Indictment are Irrelevant to the Charges**

Rule 7 of the F.R.C.P. requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged.  F.R.C.P, Rule 7.  The rule further states that the indictment "need not contain a formal introduction or conclusion." *Id.*  The detailed ethical principles in Paragraphs 6 and 7 go well beyond this requirement and are not essential to stating the charged offenses.

Paragraphs 6 and 7 of the Indictment state as follows:

> 6.     DANIEL RIKKELS, as an employee of the Department of Veterans Affairs, was required to adhere to the principles of ethical conduct set forth in 5 C.F.R. Part 2635 9 (Standards of Ethical Conduct for Employees of the Executive Branch and Executive Order 12674 (Principles of Ethical Conduct), as modified by Executive Order 12731.

> 7.     Among the ethical principles applicable to employees in 5 C.F.R. Part 2635 were:

a.    Employees shall hold financial interests that conflict with the conscientious performance of duty.

b.    Employee shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

c.    An employee shall not, except as permitted by subpart B of this part, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.

d.    Employees shall not use public office for public gain.

e.    Employees shall act impartially and not give preferential treatment to any private organization or individual.

f.    Employees shall not engage in outside employment, including seeking or negotiating for employment, that conflict with official Government duties and responsibilities.

*See* Indictment at ¶¶ 6-7.

For example, the elements of wire fraud under 18 U.S.C. 1343 are: "(1) a scheme to defraud, (2) use of the wires in furtherance of the scheme and (3) a specific intent to deceive or defraud." *United States v. Hussain*, 972 F.3d 1138, 1143 (9th Cir. 2020).  Similarly, to convict on a count charging conspiracy to commit wire fraud, "a jury is required to find an agreement to use the mail or interstate wire communications to execute the scheme to defraud." *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005).  None of these elements requires reference to the ethical principles governing federal employees that are detailed in Paragraphs 6 and 7.

Similarly, 18 U.S.C. § 201(b)(2)(a) and (b) criminalizes a public official who "directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value

personally or for any other person or entity, in return for being influenced in the performance of any official act, or being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States. *See* 18 U.S.C. § 201(b)(2)(a) and (b). The statute makes no mention of moral or ethical principles. While Mr. Rikkels' status as a government employee is relevant to establishing this offense, the extensive recitation of ethical principles in Paragraphs 6 and 7 is not necessary to state the elements of bribery. The Indictment already lays out very clearly that Mr. Rikkels was as government employee.

The remaining charges—willfully engaging in acts affecting a personal financial interest and money laundering—similarly do not require detailed recitation of ethical principles. While Mr. Rikkels' status as a government employee is relevant to the conflict-of-interest charge, the government can adequately allege this offense (and they have done so) without including the extensive list of ethical principles in Paragraphs 6 and 7.

The language in Paragraphs 6 and 7 have no bearing (legal or factual) on the charges in the Indictment. They are irrelevant and constitute surplusage under FRCP Rule 7 (e).

**2.      The Recitation of Ethical Principles in the Indictment is Prejudicial to Mr. Rikkels**

Under FRCP Rule 7(d), once the Court finds that the surplusage is irrelevant, the Court must also find that the language is prejudicial to the defendant. *Terrigno* at 373. The extensive recitation of ethical principles in Paragraphs 6 and 7 serves no purpose other than to prejudice the jury against Mr. Rikkels by suggesting that he violated numerous ethical obligations, which are not related to the charged offenses. These paragraphs create a risk that the jury will convict Mr. Rikkels based on perceived ethical violations rather than on the elements of the charged offenses.

**3.      The Ethical Principles Will Create a Risk of Improper Conviction**

The extensive recitation of ethical principles in Paragraphs 6 and 7 creates a substantial risk that the jury will convict Mr. Rikkels based on perceived ethical violations rather than on the elements of the

charged offenses. The public's trust in government is at an all-time low. [1] And the public is currently being bombarded by media stories or corrupt public officials. Inserting a moral element to the Indictment creates the possibility of swaying the jury to convict based on their feelings on how government officials act. These paragraphs detail numerous ethical obligations, including prohibitions on holding conflicting financial interests, engaging in financial transactions using nonpublic information, soliciting gifts, using public office for private gain, acting impartially, and engaging in outside activities that conflict with official duties. This detailed catalog of ethical principles serves primarily to paint Mr. Rikkels in a negative light by suggesting that he violated numerous ethical obligations beyond the specific criminal charges in the indictment.

**4.     The Ethical Principles Exceed What Is Legally Essential to the Charges**

Mr. Rikkels recognizes that "words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage. *See United State v. Root*, 366 F.2d 377, 382 (9th Cir. 1966). However, the detailed ethical principles in Paragraphs 6 and 7 go well beyond what is legally essential to charge the offenses in this case.

**5.     Striking the Surplusage Will Not Impede the Government's Case**

Striking Paragraphs 6 and 7 would not prevent the Government from introducing evidence of obligations at trial if such evidence is relevant and admissible. Rather, it would prevent the jury from being exposed to potentially prejudicial information in the Indictment before any evidence is properly admitted. The Government would still be able to present its case fully, but without front-loading prejudicial ethical principles in the Indictment itself. Given the clear prejudicial nature of the ethical principles in Paragraphs 6 and 7 and their limited relevance to the charged offenses, this Court should exercise its discretion to strike these paragraphs from the Indictment.

## V.    CONCLUSION

Based on the foregoing, Mr. Rikkels respectfully requests this Court strike Paragraphs 6 and 7 from the Indictment.

DATED:  March 16, 2026        / s / *Pedro Bernal Bilse*

_____
Pedro Bernal Bilse
Attorney for DANIEL RIKKELS

**CERTIFICATE OF SERVICE**

Counsel for the Defendant certifies that the foregoing Motion to Strike Surplusage has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Joseph S. Smith and Daniel F. Casillas – Assistant United States Attorneys

Respectfully submitted,

DATED:  March 16, 2025            / s / *Pedro Bernal Bilse*

_____
Pedro Bernal Bilse
Attorney for DANIEL RIKKELS